UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STONNEY MARCUS RIVERS,

    Plaintiff,

v.

KING COUNTY CORRECTIONAL FACILITY, et al.,

    Defendants.

Case No. C23-5673-TL-SKV

REPORT AND RECOMMENDATION

## INTRODUCTION

Plaintiff proceeds pro se and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Plaintiff is an inmate in the custody of the Washington Department of Corrections and is currently confined at the Washington State Penitentiary in Walla Walla, Washington. In this action, Plaintiff raises claims relating to events occurring in 2020 and 2021 during his confinement at King County Correctional Facility (KCCF). Dkt. 6. He names KCCF employees David Weirich, Anyell Simmon, and Allen Nance as Defendants. *Id*.

Defendants move for dismissal on summary judgment due to Plaintiff's failure to exhaust administrative remedies. Dkt. 20. Alternatively, Defendants argue Plaintiff has failed to state a plausible claim for relief. *Id*. Plaintiff has not responded to Defendants' motion.

REPORT AND RECOMMENDATION - 1

The Court, having now reviewed the motion, all filings in support, and the remainder of the record, concludes that Defendants' Motion for Summary Judgment, Dkt. 20, should be GRANTED, and that this action should be DISMISSED with prejudice.

## BACKGROUND

Plaintiff alleges he was subjected to cruel and unusual punishment and that his Fourteenth Amendment rights were violated when he was forced to drink unclean water while confined at KCCF in "approx. 2020–2021." Dkt. 6 at 4–5. Plaintiff claims he was knowingly housed at KCCF while it was undergoing water and plumbing problems. *Id.* at 5. According to Plaintiff, bottled water was provided for approximately two to three weeks, but it was taken away while the water and plumbing problems persisted. *Id.* Plaintiff alleges drinking the unclean water caused him to experience diarrhea, upset stomach, vomiting, and trouble sleeping. *Id.* Plaintiff must now take Prilosec daily to prevent nightly vomiting. *Id.* Plaintiff contends he spoke with jail staff and filed grievances, but nothing was done to remedy the problem. *Id.* He seeks $250,000 in damages. *Id.* at 9.

On November 8, 2023, Defendants moved for summary judgment, seeking dismissal of this action. Dkt. 20. Plaintiff did not respond to Defendants' motion.

## DISCUSSION

A.   Motion for Summary Judgment

In moving for summary judgment, Defendants argue that Plaintiff was required to exhaust his administrative remedies before filing suit but failed to do so. Dkt. 20. Alternatively, Defendants argue that the allegations in Plaintiff's amended complaint fail to state a claim. *Id.*

Section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal

law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a) requires complete exhaustion through any available process. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739 (2001). Section 1997e(a) also requires proper exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper" exhaustion means full compliance by a prisoner with all procedural requirements of an institution's grievance process. *Id.* at 93–95.

Failure to exhaust administrative remedies is an affirmative defense which a defendant must plead and prove. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). A defendant must produce evidence demonstrating that there was an available administrative remedy and that the prisoner did not exhaust that remedy. *Id.* at 1172. The burden then shifts to the prisoner to show there is something that made the existing remedies effectively unavailable. *Id.* If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment. *Id.* at 1166. "Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." *Id.* at 1170.

Defendants here produce evidence demonstrating that KCCF has an established process through which prisoners may file grievances relating to various aspects of their incarceration. *See* Dkt. 22 ¶ 6; *id.* at 16–17, 21–22, 27–28. An inmate may, for example, challenge "jail facility conditions, problematic conduct or actions by staff members or other inmates, and operational procedures and practices that affect [them] personally." *Id.* at 16, 21, 27.

Inmates have fourteen calendar days from the date of an incident to file a grievance. Dkt. 22 at 16, 22, 27. Inmates must first direct their concerns to the staff member(s) most involved with the issue. *Id.* If their concerns are not resolved by the staff member(s), then

REPORT AND RECOMMENDATION - 3

inmates must complete a written "Grievance" stating the date of the problem, the name of the staff member with whom the inmate tried to resolve the issue, and the date that this effort occurred. *Id.* A Grievance is submitted by placing it in the designated lock box located in the inmate's unit. *Id.* From there, the Grievance is reviewed and responded to by a supervisor within ten days from the date of submission. *Id.* An inmate may appeal the response to a Grievance only one time, and only under certain circumstances. *Id.* An inmate can expect a response to a Grievance appeal within twenty days of submission. *Id.*

Andrea Williams, a Records and Information Systems Program Manager at King County Department of Adult and Juvenile Detention (DAJD), is responsible for keeping and maintaining records of Grievances filed by inmates at KCCF. Dkt. 22 ¶¶ 2–3. Ms. Williams attests that a review of DAJD records indicates that Plaintiff, who was booked into KCCF on November 11, 2017 and released to the Washington Corrections Center on May 12, 2023, submitted four Grievances during his incarceration at KCCF. *Id.* at 4–5. Per DAJD records, none of those Grievances pertained to the allegations in Plaintiff's amended complaint regarding the quality of the water and plumbing at KCCF. *Id.* at ¶ 5; *see also id.* at 4–11 (Plaintiff's Grievances pertaining to "rack out times," the quality of eggs received at breakfast, and exposure to Covid-19).

Defendants have therefore produced evidence demonstrating the existence of an available administrative remedy and Plaintiff's failure to exhaust that remedy. Plaintiff, who has not responded to Defendants' motion, has failed to show either that he exhausted his remedies or that the resolution process was unavailable to him for purposes of challenging the events giving rise to this civil rights action. Defendants are therefore entitled to summary judgment based on Plaintiff's failure to exhaust. *Albino*, 747 F.3d at 1166. Further, because it is clear that the

fourteen-day time period for pursing administrative remedies with respect to the claims asserted herein has passed, Plaintiff's amended complaint should be dismissed with prejudice.[1]

CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment, Dkt. 20, should be GRANTED, and this action should be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 12, 2024**.

Dated this 18th day of December, 2023.

S. KATE VAUGHAN
United States Magistrate Judge

---

[1] Because Defendants are entitled to summary judgment on failure to exhaust grounds, the Court does not address Defendants' arguments pertaining to Plaintiff's failure to state a claim.